# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ANTHONY ROSHON ROBERTS, SR. )
                       )
          **Plaintiff,** )
                       )
vs.                      )      Case No. CIV-10-414-JHP
                       )
JUDGE DANITA G. WILLIAMS, )
DOUGLAS W. SCHMUCK, MARION FRY, )
MARGARET S. NICHOLSON, POTEAU )
POLICE DEPARTMENT, and SAMUEL )
S. BARNES, )
                       )
          **Defendants.** )

## ORDER AND OPINION

On November 12, 2010, Plaintiff, Anthony Roshon Roberts, Sr., an inmate at the Cimarron Correctional Facility, filed a *pro se* Amended Civil Rights Complaint in which he alleges five Causes of Action, to-wit: 1) "Deliberate Indifference to a constitutional violation of the Sixth Amendment;" 2) "Sixth Amendment right to 'adequate' and 'effective' assistance' of counsel;" 3) "Fourteenth Amendment to due process and equal protection of the laws;" 4) Racial Discrimination; and 5) Conspiracy. The gist of Plaintiff's claims are that he was questioned, arrested, charged, prosecuted and sentenced for Burglary in the Second Degree in Leflore County District Court, Case No. CF-08-310. Because the Plaintiff believes he did not receive effective assistance of counsel, he claims the defendant's violated his constitutional rights.

*Legal Analysis*

## A. *Standard for Dismissal*

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. § 1915(e)(2)(B). A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss

claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Additionally, while allegations of conspiracy may form the basis of a § 1983 claim, a plaintiff must allege specific facts which establish both an agreement and concerted actions among the defendants and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). Moreover, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." *Snell v. Tunnell*, 920 F.2d 673, 701-02 (10th Cir. 1990). Thus, to prevail on such a claim, "a plaintiff must plead and prove not only a

conspiracy, but also an actual deprivation of rights." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990).

## B. Plaintiff's Claims

### 1. Claims against Defendant Danita G. Williams

On March 7, 2011, Defendant Williams filed a Motion to Dismiss (Doc. 56). Defendant Williams asserts she is entitled to absolute immunity while acting in her role as a District Court Judge in LeFlore County, Oklahoma. Second, Defendant Williams asserts since she was acting in her capacity as a state employee, she is immune from damages under the Eleventh Amendment of the United States Constitution. Defendant Williams also claims Plaintiff has failed to allege sufficient facts to meet the requirements of *Twombly,*[1] *Iqbar*,[2] and *Robbins*[3] and has failed to allege facts sufficient in law to establish a conspiracy. As a result, Defendant Williams argues Plaintiff has failed to state a claim upon which relief may be granted and, therefore, her motion to dismiss should be granted.

While Plaintiff does not identify exactly what Judge Williams did, it appears from reading the Amended Complaint that Judge Williams permitted Plaintiff's counsel to withdraw before new counsel was appointed which Plaintiff asserts resulted in a deprivation of "due process, equal protection of the laws and effective assistance of counsel" and Judge Williams acted with "'deliberate indifference' to the 'prejudice' and 'miscarriage of justice'

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[2] *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

4

that occurred resulted in [Plaintiff] recieving (sic) an excessive sentence without a proper chance to file a 'direct appeal' through 'adequate' and 'effective assistance of counsel'. . ."

Defendant Williams, as a district court judge, is immune from liability for damages for her role in Plaintiff's conviction. *Pierson v. Ray*, 386 U.S. 547, 553-554, 87 S.Ct. 1213, 1217-1218, 18 L.Ed.2d 288 (1967). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 l.Ed.2d 411 (1985). Thus, judicial immunity may not be overcome by allegations of bad faith or malice. *Id*.

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S., at 11-12, 112 S.Ct., at 288.

Even reading Plaintiff's Amended Complaint liberally, it is clear that all of the conduct complained of by the Plaintiff occurred while Judge Williams was acting in her judicial capacity. All of the acts complained of, *i.e.*, entering judicial orders permitting substitution of counsel, entering orders concerning a sentence and/or court ordered participation in the Regimented Inmate Disciple Program, are judicial acts ordinarily performed by a judge. As a result, this Court grants Defendant William's motion to dismiss for failure to state a claim.

  2. *Claims against Douglas W. Schmuck*

5

On February 17, 2011, Defendant Schmuck filed a Motion to Dismiss (Doc. 39) for failure to state a cause of action. Liberally construing the Amended Complaint, it appears Defendant Schmuck was court-appointed to represent Plaintiff when Defendant Barnes was allowed to withdraw.

A public defender does not "act under color of state law" when exercising his independent professional judgment on behalf of his client in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) and *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995). Defendant Schmuck, therefore, is not liable for an alleged § 1983 civil rights violation. While public defenders are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920-21 (1984), the court finds plaintiff's allegations of a conspiracy are unsupported and conclusory. As a result, this Court grants Defendant Schmuck's motion to dismiss for failure to state a claim.

  3. *Claims against Marion Fry and Margaret S. Nicholson*

On February 4, 2011, Defendants Fry and Nicholson filed a Motion to Dismiss (Doc. 33). These defendants assert they are entitled to absolute prosecutorial immunity; as state employees, they are immune from damages by operation of the Eleventh Amendment of the United States Constitution; that Plaintiff has failed to allege sufficient factual matter to state a claim for relief; and that Plaintiff has failed to allege any facts sufficient to establish a conspiracy.

A state prosecutor is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430.

Applying these principles to the instant case, the Court finds that all of the actions of Defendants Fry and Nicholson complained of by Plaintiff were taken in prosecuting criminal charges against Plaintiff and are the type of conduct protected by absolute immunity. Additionally, as indicated previously, Plaintiff's allegations of conspiracy are unsupported and conclusory. Therefore, this Court finds Defendants Fry and Nicholson are entitled to absolute prosecutorial immunity from civil damages. Accordingly, this Court grants Defendants' (Fry and Nicholson) Motion to Dismiss (Doc. 33).

### 4. *Claims against Poteau Police Department*

On February 4, 2011, the Poteau Police Department filed an Answer (Doc. 32) in which they raise as an affirmative defense the failure to state a claim upon which relief may be granted against this defendant. Additionally, the Answer claims "[t]he Poteau Police Department is not a properly named party to this action and should be dismissed." *Id.*, at p. 7 ¶ 29.

The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person,

corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). Police departments "are not usually considered legal entities subject to suit." *Lindsey v. Thomson*, 275 Fed.Appx. 744, 747 (10th Cir. 2007) (unpublished opinion) (citing *Dean v. Barber*, 941 F.2d 1210, 1214 (11th Cir. 1992) and *Martinez v. Wimmer*, 771 F.2d 424 (10th Cir. 1985), *vacated on other grounds*, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986)). *See also*, *Stump v. Gates*, 777 F.Supp. 808 (D. Colo. 1991) *aff'd* 986 F.2d 1429 (10th Cir. 1993); *Ketchum v. Albuquerque Police Dept.*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. 1992) (unpublished opinion)(a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality); *Shangreaux v. Midwest City Police Dept.*, No. 91-6013, 1991 WL 104313, at *2 (10th Cir. 1991) (unpublished opinion) ("The police department of Midwest City is not a suable entity."). Furthermore, although the Police Department is named as a defendant in the Amended Complaint, the allegations therein state Plaintiff "was 'singled-out' by the Poteau Police Department when they responded to a second burglary on the same street." The Amended Complaint continues by stating "approximately four (4) officers were present at the scene of the crime" and they talked to Plaintiff and his family. Following these discussions, Plaintiff indicates he voluntarily accompanied the officers to the station and after further discussions, he was arrested and booked into the LeFlore County Detention Center. Since the Poteau Police Department is not a suable entity under Oklahoma law, this Court finds it should be dismissed from this action. Accordingly, this Court dismisses the Poteau Police Department.

### 5. *Claims against Samuel S. Barnes*

On March 8, 2011, Defendant Barnes filed an Answer (Doc. 57) to the Amended Complaint in which he asserts the affirmative defense of failure to state a cause of action because Defendant Barnes, as a private attorney, was not acting under color of law and, therefore is not subject to being sued in a civil rights action. Additionally, Defendant Barnes claims he is not a proper party to an ineffective assistance of counsel case.

Considering all of the allegations in the Amended Complaint as true, this Court finds Petitioner has failed to state a claim against Defendant Barnes. According to the Amended Complaint, Defendant Barnes withdrew as attorney of record from Plaintiff's case and a new attorney was appointed to represent Plaintiff before the Plaintiff waived his rights and entered his *nolo contendre* plea. As a result, this Court finds Plaintiff has failed to state a cause of action against Defendant Barnes and dismissal is, therefore, appropriate. Accordingly, this Court hereby dismisses this action against Defendant Barnes.

## **Conclusion**

For the reasons stated herein, this Court hereby GRANTS the following motions:

1. Motion to Dismiss by Defendant Williams (Doc. 56);

2. Motion to Dismiss by Defendant Schmuck (Doc. 39);

3. Motion to Dismiss by Defendants Fry and Nicholson (Doc. 33).

After liberally construing Plaintiff's *pro se* Amended Complaint, the Court finds Plaintiff seeks monetary damages from defendants who are immune from such relief. Furthermore, since a judgment for Plaintiff herein would necessarily imply the invalidity of his conviction or sentence and Plaintiff has not shown that the conviction or sentence involved has been invalidated, the Court finds his claim for damages is not cognizable under § 1983. Finally, the Amended Complaint fails to state a claim upon which relief may be granted. Therefore, the Court hereby DENIES Plaintiff's Motion to Engage in Discovery (Doc. 26) and Plaintiff's Motions for Default Judgment (Docs. 36, 37, 47 and 55). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), the Amended Complaint shall be dismissed in its entirety.

It is so ordered on this 13th day of May 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma